JOHN M. KREADER V. CITY OF FREMONT.

FILED SEPTEMBER 17, 1903.   No. 13,091,

Municipal Corporation: LIABILITY: FEES. Fees of officers and wit-
nesses for services rendered in a prosecution for the violation
of an ordinance of a city, either in police court or in district
court upon appeal, can not be collected from such city, unless their
payment by the city is required by statute or by ordinance au-
thorized by statute.

ERROR to the district court for Dodge county: CON-
RAD HOLLENBECK, DISTRICT JUDGE. *Affirmed.*

*Courtright & Sidner* and *G. G. Martin,* for plaintiff in
error.

*E. F. Gray* and *C. E. Abbott, contra.*

GLANVILLE, C.

The defendant in error is the sheriff of Dodge county,
and, as such, served papers in a case pending in the dis-
trict court for that county, wherein a certain defendant
was being prosecuted for the violation of an ordinance of
the defendant city, the case being there upon appeal from
police court. He also took assignments of certain fees
claimed by the clerk of the district court, sundry wit-
nesses who had appeared for the prosecution in the police
court and in said district court, and the fees of the police
judge of defendant city, all these fees being claimed in con-
nection with the same prosecution. He filed his claim
with the city council, and, upon its disallowance, ap-
pealed to the district court where issues were joined, and
trial proceeded through the introduction of evidence on
behalf of the plaintiff in error; whereupon the court in-
structed a verdict for the defendant in error, and the case
is before us upon such assignments requiring us to pass
upon the correctness of such instruction.

The only question necessary for us to pass upon is the
one touching the liability of the defendant city for the
payment of these fees, or any of them.

It is the law of this state that such prosecutions are criminal actions, and must be carried on in the name of the state; any fines collected as a result of such prosecutions go to the school fund, and the city, for the violation of whose ordinances the state is prosecuting, is not a party to the action.

No statutory provisions have been called to our attention, and, in fact, none exist in this state, fixing a liability for such fees as are herein sued for upon the municipality whose ordinance forms the basis of the prosecution.

It is a well known proposition of law, too thoroughly established to require argument or citation of authorities, that, unless provision is made by statute for the compensation of members of society and public officers who are required to perform duties in assisting the state to maintain order and prosecute violators of its laws, they may not demand compensation for such services; that as members of society this duty may be placed upon them without compensation, and as public officers, if the duty is required and no compensation fixed by law therefor with provision made for its payment, the fees or salaries allowed such officers in other respects are supposed to be their compensation for such services rendered.

Such being the law, and there being no statutory liability fixed upon the defendant city, it follows that the judgment of the district court is right and should be affirmed.

We therefore recommend that the judgment of the district court be affirmed.

BARNES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.